## In re Anonymous No. 120 D.B. 88

Disciplinary Board Docket no. 120 D.B. 88.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SCHILLER, *Member,* July 21, 1989 — Pursuant to rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable

court with respect to the above-captioned petition for reinstatement.

## HISTORY OF PROCEEDINGS

In September 1982, the petitioner voluntarily went on inactive status because he was not actively engaged in the practice of law. On November 14, 1988, petitioner filed the petition for reinstatement from inactive status along with the special reinstatement questionnaire.

Pursuant to rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the petition was referred to Hearing Committee [ ] consisting of [ ], sitting alone. Following a hearing which was held on February 9, 1989, the hearing committee member filed a report with the Disciplinary Board on May 3, 1989 in which the member recommended petitioner's reinstatement to the practice of law. No exceptions to this report and recommendation were filed by the Office of Disciplinary Counsel.

The Disciplinary Board adjudicated the matter on June 30, 1989.

## FINDINGS OF FACT

The Disciplinary Board substantially adopts the following findings of fact set forth in the hearing committee report:

(1) Petitioner is 45 years old and resides at [ ].

(2) After his graduation from law school in 1968, petitioner passed the bar exam, then taught for two years and then was admitted to the practice of law in the commonwealth in 1970.

(3) Petitioner has not actively practiced law at any time since his admission to the bar.

(4) Petitioner was actively engaged as an officer in the operation of his family's business, [A] Company, from 1970 until it was sold in 1987.

(5) For several years and at the present time, petitioner has been active in managing the affairs of a number of corporations owned by the [B] family (the "[B] Group").

(6) In his activities on behalf of both [A] and the [B] Group petitioner has long and frequently acted, in addition to other capacities, much the way corporate house counsel might operate — involving himself in and directing the legal affairs of the companies, hiring outside counsel and coordinating and directing their work.

(7) Petitioner has been actively involved in the analysis, discussion and application of the legal principles and rules of a number of complicated and sophisticated areas of the law since 1970 and up to the present time, including: labor law, workplace health and safety legislation and regulation, contracts and sales law, environmental law, corporate finance, estate planning, taxation and real estate.

(8) Two "highly regarded" and qualified members of the bar of the commonwealth, [C], Esq. and [D], Esq., have worked closely with him on a number of complex legal matters and each testified without hesitation or qualification to his superior acumen, knowledge, sophistication and judgment in connection with the complex legal issues that they handled and discussed with him. A third "highly respected" member of the bar, [E], Esq., submitted an affidavit in petitioner's behalf, attesting to the superior level of petitioner's current knowledge of legal principles relevant to matters on which they worked together.

(9) Petitioner testified that, although he has not taken any specific courses, he has kept abreast of certain areas of the law by attending seminars, and for a time he actively maintained a law library related to those matters with which he most frequently dealt.

(10) It is petitioner's present intention to act as actual (as opposed to de facto) corporate house counsel for the [B] Group, but he may buy and then operate another business, or he may engage in the full-time practice of law.

(11) Petitioner testified that he realizes that there are certain areas of the law with which he has maintained no contact since law school and that, if he opened an office for the practice of law, he would refer matters involving such areas to others.

## DISCUSSION

In this case, petitioner, a formerly admitted attorney who has been on inactive status, has the burden of demonstrating that he has the moral qualifications, competency and learning in the law required for admission to practice in the Commonwealth of Pennsylvania. Rule 218(c)(3)(ii).

This rule states a general standard without elaboration which may result in confusion about how to apply the standard. However, it is a much more lenient standard than the one applied to the petition of reinstatement of a disbarred or suspended attorney as stated in rule 218(c)(3)(i). See e.g., *Philadelphia Newspapers Inc. v. Disciplinary Board of the Supreme Court,* 468 Pa. 381, 363 A.2d 779 (1976).

The sole issue in this case is whether petitioner has the competency and learning in the law required for admission to the practice of law. Petitioner has never been subject to disciplinary action and his transfer to inactive status was voluntary. Petitioner testified to the reason for his inactive status:

"Since I did not hold myself out as a lawyer to the public, I dropped from active status only because I did not see any point of sending in money every year [to the Disciplinary Board for attorney registration]

. . . I didn't realize that after a time of maintaining the inactive status, it would require [more] than sending in a current year's dues to change that status."

## Moral Qualifications

As stated above, petitioner's moral qualifications are not at issue. Petitioner has easily met his burden on this point. During the course of the evidentiary hearing on reinstatement, two witnesses unequivocally testified to petitioner's high moral character and his standing as a respected member of the community. Furthermore, Disciplinary Counsel has not questioned petitioner's moral character nor have they attempted to submit evidence to impeach petitioner's integrity.

The Disciplinary Board has found that petitioner possesses the requisite moral qualifications to be reinstated to the practice of law in the Commonwealth of Pennsylvania.

## Competency and Learning in the Law

Two attorney witnesses testified quite forcefully on petitioner's behalf that he has acquired and exhibited a firm grasp of the legal principles relevant to issues faced by corporate management. An attorney witness testified: "that as a practical matter and as a fact, petitioner served as a de facto house counsel to [A] Company as well as its chief executive." The testimony of the other attorney witness included extensive and descriptive examples of the wide variety of legal matters petitioner had competently been involved with while managing the affairs of a number of corporations.

Although petitioner has not taken any specific courses, he has attended approximately six seminars. Disciplinary Board Rule 89.279, which re-

quires petitioners to complete courses which meet the current schedule of subjects, does not apply to petitioner in this case. Rather, as stated in the rule, it applies to formerly admitted attorneys who have been disbarred or suspended for more than one year.

However, keeping the public's protection in mind, a theoretical concern exists that petitioner would lack the skill and knowledge of the law if he chose to open a general practice. This concern arose from petitioner's admitted unfamiliarity with a number of areas of the law. If petitioner is reinstated to the practice of law it is an unqualified reinstatement with full privileges which allows petitioner to practice any type of law he chooses. One may argue that petitioner's reinstatement should be conditioned on petitioner's successful completion of courses in other areas of law. However, there is no rule to allow the board to reinstate with conditions. The Supreme Court of Pennsylvania is of the view that if a lawyer is to be reinstated to active status, such reinstatement should be without conditions. *In re Anonymous No. 64 D.B. 82,* 27 D.&C. 3d 141 (1985).

The board does not think petitioner's unfamiliarity with a number of areas of the law is an insurmountable hurdle blocking reinstatement. The board adopts the reasoning of the hearing committee: "that most, if not the overwhelming majority of lawyers today practice law in a few areas to the virtual or actual exclusion of all others." Petitioner has demonstrated his superior level of knowledge of legal principles relevant to corporate matters and is not required to be adept in every aspect of the law. This would be impossible.

During the evidentiary hearing for reinstatement, petitioner was asked what he would do if a client

had a legal problem in an area of law petitioner was unfamiliar with. Petitioner gave the following response:

"I can assure you that I will refer that person to either the county referral service or to a larger firm that I know to be of good quality that might have someone or to an individual who handles it. I not only would not have the desire, I would not have the interest either to move outside of my field. I have always been very careful, even when I was in business, to not only stay with my field but when a new field came along, as OSHA was new, environmental was new, before I waded in, I went to either hear someone speak, take a seminar, get the books, read about it before shooting from the hip. So all of that showed a further assurance to the board that I would in no way accept a client in an area in which I didn't feel very comfortable."

The Disciplinary Board has found that petitioner possesses the requisite competency and learning in the law to be reinstated to the practice of the law in the Commonwealth of Pennsylvania.

In light of the foregoing and giving consideration to the fact that the Office of Disciplinary Counsel has determined not to oppose the instant petition for reinstatement by virtue of a letter to that effect filed on May 8, 1989, this board agrees that petitioner should be reinstated to the practice of law in the Commonwealth of Pennsylvania.

## CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania finds and concludes as follows:

(1) Petitioner has the moral qualifications for readmission to the practice of law in the Commonwealth of Pennsylvania.

(2) Petitioner has the competency and learning in the law required for readmission to the practice of law in the Commonwealth of Pennsylvania.

(3) Petitioner's resumption of the practice of law in the Commonwealth of Pennsylvania will not be detrimental to the integrity and standing of the bar or the administration of justice, nor will it be subversive of the public interest.

(4) Petitioner should be reinstated to the practice of law in the Commonwealth of Pennsylvania and should be admitted to the Bar of the Supreme Court of Pennsylvania.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court, and further recommends costs be borne and paid for by said petitioner. A statement of such expenses is appended to the instant report.

Dr. Gilbert dissents.

Messrs. Douglas, Gilardi and Stoelker and Ms. Heh did not participate in the adjudication.

## ORDER

And now, September 12, 1989, the report and recommendations of the Disciplinary Board dated July 21, 1989, are approved and it is ordered that [petitioner], who has been on inactive status, has never been suspended or disbarred, and has demonstrated that he has the moral qualifications, competency and learning in law required for admission to practice in the commonwealth, shall be and is hereby reinstated to active status as a member of

the bar of this commonwealth. The expenses incurred by the board in the investigation and processing of the petition for reinstatement shall be paid by the petitioner.